IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 2:09-cr-0031-MEF-02 |
| ) | |
| KELVIN SUMMERS   ) | (WO—Do Not Publish) |
| ) | |

# **MEMORANDUM OPINION AND ORDER**

This case is before the Court on Defendant Kelvin Summers's ("Summers") Corrected Motion for Release Pending Appeal (Doc. # 174), filed on April 13, 2010.  For the following reasons, the motion is due to be denied.

On December 9, 2009, a jury found Summers guilty of (1) conspiracy to distribute or possess with intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. § 846, and (2) distribution of fifty or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On February 17, 2010, this Court sentenced Summers to concurrent terms of 160-months imprisonment for each count.  Summers filed a notice of appeal on February 25, 2010.

Summers now argues that he should be released from custody under 18 U.S.C. § 3143(b)(1) pending the outcome of his appeal.  But the jury in this case found Summers guilty of two offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."  18 U.S.C. § 3142(f)(1)(C); *see* 21 U.S.C. § 841(b)(1)(A) (setting a maximum sentence of life imprisonment for distributing

or possessing with intent to distribute fifty or more grams of a mixture or substance that contains cocaine base).[1]  Thus, the applicable statute is § 3143(b)(2), which states:

> The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b)(2) (emphasis added).  Accordingly, this Court has no statutory authority to release Summers pending the outcome of his appeal.

Therefore, it is hereby

ORDERED that Summers's Corrected Motion for Release Pending Appeal (Doc. # 174) is DENIED.

DONE this the 10th day of May, 2010.

                               /s/ Mark E. Fuller  
                           CHIEF UNITED STATES DISTRICT JUDGE

---

[1] 21 U.S.C. § 846 provides that a person who conspires to commit a drug offense is "subject to the same penalties as those prescribed for the offense" that was the object of the conspiracy.